**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| JOSEPH SUGLIA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  5:25-cv-6745 |
| | : | |
| BIRCHMONT REAL ESTATE LLC, CUSTOM | : | |
| PROCESSING SERVICES, LLC, SUN | : | |
| CHEMICAL CORP., SPX FLOW US, LLC, | : | |
| BAKER PERKINS, INC., ABC CONSULTING | : | |
| COMPANIES 1-5, ABC MAINTENANCE | : | |
| COMPANIES 1-5, | : | |
| Defendants. | : | |

---

**O P I N I O N**
**Motion to Remand, ECF No. 10 – Granted in part**

**Joseph F. Leeson, Jr.**                                                    **May 28, 2026**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff Joseph Suglia brings the present action following an incident at his place of

work. Suglia initially brought the action in the Philadelphia County Court of Common Pleas.

Defendant Sun Chemical Corporation removed the action to this Court. Suglia now brings a

Motion to Remand the action back to the Philadelphia County Court of Common Pleas. For the

following reasons, the Court grants the Motion in part and remands the action back to the

Philadelphia County Court of Common Pleas but denies Suglia's request for attorney's fees

under 28 U.S.C. § 1447(c).

## II.    BACKGROUND

Plaintiff Joseph Suglia worked for non-party Custom Processing Services, Inc. ("CPS, Inc.") at an industrial facility ("Industrial Facility") located at 1 Birchmont Drive in Reading, Pennsylvania. *See* Compl. ¶ 1, ECF No. 1-1. On November 16, 2023, Suglia was using the APV 2080 Extruder Machine, serial number 700340 ("the Extruder Machine"). *Id.* ¶¶ 1–2. The Extruder Machine jammed, and Suglia tried to clear the jam by "de-energizing" the Extruder Machine and clearing the jam with his left hand. *Id.* ¶¶ 5–6. The internal rollers of the Extruder Machine "began unexpectedly moving and caught hold of [] Suglia's left hand resulting in the crushing/degloving/traumatic amputation and/or partial amputation of his thumb, index finger, and middle finger." *Id.* ¶ 7. Suglia remained in the hospital for three days and underwent surgery to amputate his left index finger, left thumb, and left middle finger. *See id.* ¶¶ 32–33.

Suglia filed the Complaint in the Philadelphia County Court of Common Pleas on October 22, 2025. *See* Compl., ECF No. 1-1. Count I is a negligence claim against Defendant Birchmont Real Estate, LLC ("Birchmont"). *See id.* ¶¶ 35–43. Count II is a negligence claim against Defendant Custom Processing Services, LLC ("CPS, LLC"). *See id.* ¶¶ 44–52. Count III is a strict products liability claim against Defendant Sun Chemical Corporation ("Sun Chemical"). *See id.* ¶¶ 53–59. Count IV is a negligence claim against Sun Chemical. *See id.* ¶¶ 60–62. Count V is a breach of warranty claim against Sun Chemical. *See id.* ¶¶ 63–65. Count VI is a strict products liability claim against Defendant SPX Flow US, LLC ("SPX"). *See id.* ¶¶ 66–72. Count VII is a negligence claim against SPX. *See id.* ¶¶ 73–75. Count VIII is a breach of warranty claim against SPX. *See id.* ¶¶ 76–79. Count IX is a strict products liability claim against Defendant Baker Perkins, Inc. ("Baker Perkins"). *See id.* ¶¶ 80–86. Count X is a negligence claim against Baker Perkins. *See id.* ¶¶ 87–89. Count XI is a breach of warranty claim against

Baker Perkins. *See id.* ¶¶ 90–93. Count XII is a strict products liability claim against fictitious Defendants, ABC Manufacturing Companies 1-5. *See id.* ¶¶ 94–100. Count XIII is a negligence claim against ABC Manufacturing Companies (called ABC Manufacturer Companies 1-5). *See id.* ¶¶ 101–03. Count XIV is a breach of warranty claim against ABC Manufacturing Companies (called ABC Manufacturer Companies 1-5). *See id.* ¶¶ 104–06. Count XV is a negligence claim against fictitious Defendants ABC Consulting Companies 1-5. *See id.* ¶¶ 107–12. Count XVI is a negligence claim against fictitious Defendants ABC Maintenance Companies 1-5. *See id.* ¶¶ 113–18.

On December 1, 2025, Defendant Sun Chemical Corporation ("Sun Chemical") timely removed the case to the District Court in the Eastern District of Pennsylvania. *See* Not. of Removal, ECF No. 1. Although Sun Chemical acknowledged in its Notice of Removal that Birchmont and CPS, LLC were Pennsylvania citizens and therefore not diverse, Sun Chemical maintains that this Court may exercise diversity of citizenship jurisdiction, *see* 28 U.S.C. § 1332, over Suglia's claims based on the fraudulent joinder doctrine. *See* Not. ¶ 27. Sun Chemical argues that Suglia added Birchmont and CPS, LLC solely to destroy diversity jurisdiction. *See id.* In particular, Sun Chemical alleges that Birchmont was fraudulently joined because Birchmont was a landlord out of possession at the time of the incident. *See id.* ¶¶ 50, 54–58. Birchmont leased the Industrial Facility to CPS, Inc. through a "'triple net lease,' whereby Birchmont has no duties for maintenance or repair, taxes or insurance of the building[.]" *Id.* ¶ 55. Also, Sun Chemical attached a Certification from Gregory Shemanski, the President of CPS, Inc., and the Managing Member of both Birchmont and CPS, LLC, wherein Shemanski maintained that neither Birchmont nor CPS, LLC had any relationship to the Industrial Facility, CPS, Inc., or the Extruder Machine. *See* Gregory Shemanski Cert. ECF No. 1-1; *see also* ECF

Nos. 10-2, 17-1. Sun Chemical moved to dismiss the Complaint on December 8, 2025. *See* Mot. to Dismiss, ECF No. 9.

Suglia moved to remand the action to state court and requested sanctions (in the form of attorneys' fees) against Defendant Sun Chemical under 28 U.S.C. § 1447(c). *See generally* Mot. to Remand, ECF No. 10. Suglia argued that Birchmont and CPS, LLC owned and controlled the Industrial Facility, and shared common ownership with CPS, Inc. *See id.*

Sun Chemical, Birchmont, and CPS, LLC filed Responses in opposition to the Motion to Remand on December 23, 2025. *See* Sun Chemical Resp., ECF No. 16; Birchmont[1] Resp., ECF No. 17. Both parties produced the lease between Birchmont and CPS, Inc., which provided that CPS, Inc. was responsible for maintaining the property, but that Birchmont could conduct inspections of the property to ensure its conditions and covenants. *See* Lease, Ex. 2, ECF No. 16-3; *see also* ECF No. 17-3.

Suglia replied to both Responses on December 30, 2025, repeating that the Court should consider only allegations in the Complaint and not engage in fact-finding at this stage of the case. *See* Reply, ECF Nos. 19, 20. Suglia filed a supplemental letter and brief on April 28, 2026, *see* ECF No. 32, and Sun Chemical filed a supplemental letter and brief on April 30, 2026, *see* ECF No. 36.

## III.    LEGAL STANDARDS

### A.  Motion to Remand – Review of Applicable Law

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is

---

[1]    Birchmont and CPS, LLC filed a joint Response. *See* ECF No. 17.

pending." *See also* 28 U.S.C. § 1446. "The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co.*, 779 F.3d 214, 218 (3d Cir. 2015). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party seeking removal carries the burden of proving that removal is proper." *Carlyle,* 779 F.3d at 218.

In the district court's discretion, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This is so even if "the party who removed the case did not act in bad faith." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) (citations omitted) ("[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees[.]"). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). *See also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted. . . . *Martin* explicitly rejected the view that attorney's fees should presumptively, or automatically, be awarded on remand.").

## B.  Fraudulent Joinder – Review of Applicable Law

The doctrine of fraudulent joinder is an exception to the requirement that when removal depends on diversity of citizenship, there must be complete diversity between the parties. *See In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). Under this doctrine, "[i]n a suit with named

5
052826

defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216.

A removing defendant alleging fraudulent joinder bears a "heavy burden of persuasion." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). To establish a defendant was fraudulently joined, the removing party must show "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (citation omitted). A claim is colorable so long as it is not "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). This Court has explained that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (citation omitted); *see also Sherfey v. Johnson & Johnson*, No. 12-4162, 2014 WL 715518, at *6 (E.D. Pa. Jan. 29, 2014) (noting a finding of fraudulent joinder "is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility" (citation omitted)).

A court may "look to more than just the pleading allegations to identify indicia of fraudulent joinder." *In re Briscoe,* 448 F.3d at 219; *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The Third Circuit has explained that, when conducting a jurisdictional analysis, there is "no reason to preclude a district court from a limited consideration of reliable evidence that the defendant may proffer to support the removal." *In re Briscoe*, 448 F.3d at 220. "Such evidence may be found in the recording from prior proceedings ... or in other relevant matters that are properly subject to judicial notice." *Id.* Courts in this

district have looked to affidavits discussing a party's involvement in the case to determine whether it was fraudulently joined. *See Weaver v. Conrail, Inc.*, No. 09-5592, 2010 WL 2773382, at *7, *9 (E.D. Pa. July 13, 2010) (holding that, under *In re Briscoe*, the court could properly consider an affidavit stating that certain defendants had absolutely no control or right to say how particular trains were run at the time of plaintiff's accident); *In re Diet Drugs (Phentermine/ Fenfluramine/ Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203, 2009 WL 3595633, at *2 (E.D. Pa. Oct. 27, 2009) (finding sales representatives were fraudulently joined based in part on an affidavit disclaiming any knowledge of the alleged dangers associated with the product).

In conducting its analysis, this Court must accept as true all factual allegations of the complaint and must "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 851–52. If the court "determines that it does not have subject-matter jurisdiction over the removed action because the joinder was not fraudulent, it must remand to state court." *In re Briscoe*, 448 F.3d at 215–16 (citing 28 U.S.C. § 1447(c)). Conversely, if the court determines that the joinder was fraudulent, "the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* at 216 (internal citations omitted).

### C. Landlord out of Possession

A party may raise the "landlord out of possession" argument as proof of fraudulent joinder. *See Anderson v. Phila. Suburban Dev. Corp.*, 322 F. Supp. 2d 582, 585 (E.D. Pa. 2004). Under Pennsylvania law, "[t]he subject matter of a premises liability action, which sounds in negligence, is the liability of a possessor of land for injuries sustained because of a dangerous

condition on the land." *Simone v. Alam*, 333 A.3d 359, 367–68 (Pa. 2025) (citing *Gutteridge v. A.P. Green Servs., Inc.*, 804 A.2d 643, 655 (Pa. Super. Ct. 2002) (en banc)). A landlord's "[l]iability is predicated on possession and control of the premises, as opposed to ownership, because the duty of care arises out of the possession and control of the premises." *Simone*, 333 A.3d at 368 (citing *Dinio v. Goshorn*, 270 A.2d 203, 206 (Pa. 1969) ("It is clear that a landlord out of possession is generally not liable for bodily harm sustained on his property by the lessee[.]")). "As a general rule, a landlord out of possession is not liable for injuries incurred by third parties on the leased premises because the landlord has no duty to such persons.*" Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. Ct. 2007); *see also Rich v. Kmart Corp.*, No. 94-6711, 1999 WL 397383, at *2 (E.D. Pa. May 20, 1999). This is so because the law views a lease as "the equivalent of a sale of the land for the term of the lease." *Jones*, 940 A.2d at 454 (quoting *Deeter v. Dull Corp.*, 617 A.2d 336, 339 (Pa. Super. Ct. 1992)).

Yet, the general rule for landlords out of possession is subject to several exceptions. *See Henze v. Texaco Inc.*, 508 A.2d 1200, 1202 (Pa. Super. Ct. 1986)). A landlord may still be liable if: (1) the landlord "has reserved control over a defective portion of the demised premises"; (2) "the demised premises are so dangerously constructed that the premises are a nuisance per se"; (3) the lessor knows "of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee"; (4) "the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee"; (5) "the lessor undertakes to repair the demised premises and negligently makes the repairs"; or (6) "the lessor fails to make repairs after having been given

8
052826

notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises[.]" *Id.* (citations omitted).

## IV.    ANALYSIS

Suglia requests that the Court remand the action to the Philadelphia County Court of Common Pleas. Defendants Sun Chemical, Birchmont, and CPS, LLC maintain that Birchmont was fraudulently joined because it was a "landlord out of possession." Defendants also allege that CPS, LLC was fraudulently joined. The Court finds that Defendants fail to meet their burden to show that Suglia fraudulently joined Birchmont and CPS, LLC to the action. The Court remands the action to the Philadelphia County Court of Common Pleas.

### A.  Motion to Remand

As an initial matter, considering whether Birchmont is a landlord out of possession would result in a decision on the merits, which is generally inappropriate at the motion to remand stage. *See Reddick v. Burlington Store, Inc.*, No. 21-5075, 2021 WL 6051567, at *4 (E.D. Pa. Dec. 21, 2021) (granting a motion to remand even after the defendants argued that they were landlords out of possession because the defendants "ask[] this Court to engage in the sort of analysis it would do at the motion to dismiss stage"); *Figueroa v. HomeGoods, Inc.*, No. 18-1966, 2019 U.S. Dist. LEXIS 29198, at *5–6 (finding that the allegation that the defendant "owned, occupied, maintained, possessed and controlled" the premises sufficed to state a colorable claim and overcome the defendant's fraudulent joinder argument); *Liberio v. Stadium Casino RE, LLC*, No. 25-6528, 2026 WL 461553, at *3 (E.D. Pa. Feb. 17, 2026) (granting a motion to remand in part and finding that the plaintiff's allegations that "(1) [he] was a business invitee"; "(2) Defendants owned, controlled, and/or operated the premises and property"; "(3) Defendants knew they had a defective chair on the premises"; and "(4) Defendants knew that [the plaintiff] would not

discover the dangers of sitting on the chair" sufficed to state a colorable claim); *Durna v. Smith*, No. 95-2134, 1995 WL 548840, at *1 (E.D. Pa. Sept. 13, 1995) ("Under Pennsylvania law, determining liability as between a landlord and tenant for injuries to third parties depends upon numerous factors which cannot be assessed at the pleading stage."); *Chen v. Hangzhou Holin Plastic Mach. Co., Ltd.*, No. 13-181, 2014 WL 12611304, at *1 n.1 (E.D. Pa. Nov. 14, 2014) (denying summary judgment and noting that the "[p]laintiffs argue that [the defendant] was a 'landlord in possession,' or alternatively, a 'possessor' of the land which attaches liability to the possessor for injuries sustained by third parties on the land[,]" and whether the defendant fell "into any of these categories is a genuine issue of material fact for the jury to consider").[2]

Next, the Court considers Suglia's Complaint at the time of removal, assumes as true all its factual allegations, and resolves uncertainties of whether joinder was fraudulent in favor of Suglia. *See In re Briscoe*, 448 F.3d at 217; *see also Anderson*, 322 F. Supp. 2d at 586 (holding that "there [was] no need to proceed further in the analysis of whether [the defendant] could be liable under an exception to the general landlord out of possession rule" because the allegations established the "possibility that the state court will find that plaintiffs stated a cause of action against [the defendant]").

Here, Suglia alleges that (1) he was a business invitee at the Industrial Facility, *see* Compl. ¶¶ 36, 45; (2) Birchmont and CPS, LLC "owned, operated and/or controlled the Industrial Facility", *id.* ¶¶ 24. 36. 45; (3) Birchmont and CPS, LLC supervised the work performed at the Industrial Facility, *see id.* ¶¶ 37–38; 46–47; (4) Birchmont and CPS, LLC knew of the hazardous condition (the Extruder Machine), *see id.* ¶¶ 40, 49; (5) Birchmont and CPS,

---

[2] The Court cites *Chen* to support the proposition that whether Birchmont is a landlord out of possession is a factual dispute inappropriate for resolution at the motion to remand stage, although it was decided at the summary judgment stage.

LLC shared "common ownership" with each other and with CPS, Inc., *id.* ¶ 25; *see also* Gregory Shemanski Cert., ECF No. 1-1; *see also* ECF Nos. 10-2, 17-1; (6) Birchmont and CPS, LLC were the parent companies of the Industrial Facility, *see* Compl. ¶¶ 41, 50; and (7) Birchmont and CPS, LLC undertook "the operation, inspection, maintenance, and supervision of the Industrial Facility and the [] Extruder Machine," and Birchmont's and CPS, LLC's negligence caused Suglia's injuries, *see id.* ¶¶ 38, 47. In addition, Suglia alleges that Birchmont and CPS had a duty toward persons operating the Extruder Machine "to provide a reasonably safe environment, free from unreasonable hazards, with adequate and appropriate safety procedures, within which to perform work," *see id.* ¶¶ 38, 47, or, alternatively, "to provide a safe place to work, free of hazards[,]" *id.* ¶¶ 41, 50.

Assuming Suglia's allegations as true, the Court finds that his allegations are sufficient to support colorable claims that Birchmont and CPS, LLC had control over the premises and the Extruder Machine thereon. *See PoppedA Festival, Inc. v. Live Nation Worldwide, Inc.*, No. 09-3763, 2010 WL 571781, at *5 (E.D. Pa. Feb. 17, 2010) (citing *Batoff,* 977 F.2d at 851 ("[W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses.")). Therefore, the Court lacks jurisdiction to consider the merits of Suglia's claims against Birchmont and CPS, LLC. *See Anderson*, 322 F. Supp. 2d at 586 (citing *Batoff*, 977 F.2d at 854; *Boyer*, 913 F.2d at 113); *see also Collins v. David Brown Union Pumps Co.,* No. 06-3754, 2007 WL 1217767, at *3 (E.D. Pa. Apr. 23, 2007) (remanding a case to state court because the plaintiff stated a colorable claim against the defendant and thus the court did not have jurisdiction to hear the case, noting that "a decision on

fraudulent joinder does not mandate the kind of 'intricate analysis' that is required of a motion to dismiss").

Thus, the Court remands the action to the Philadelphia County Court of Common Pleas.

### B. Attorneys' Fees

The Court declines to impose attorneys' fees as sanctions upon Sun Chemical. Whether to impose attorneys' fees under 28 U.S.C. § 1447(c) is within a court's discretion. *See Mitchell v. Street*, 310 F. Supp. 2d 724, 727 (E.D. Pa. 2004). "Absent unusual circumstances, courts may award attorney[s'] fees under [section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal[,]" but "when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Courts in this District generally only grant attorneys' fees and costs in motions to remand in such cases where "the issue of non-removability is obvious or where a defendant did not act in good faith in removing the case." *Anderson,* 322 F. Supp. 2d at 586. Although the Court rejects Defendants' fraudulent joinder argument, the Court cannot say that Sun Chemical acted in bad faith or lacked an objectively reasonable basis to remove the action to this Court. Rather, Sun Chemical relied on reasonable legal arguments. The Court denies Suglia's request for attorneys' fees.

### C. Motion to Dismiss

Finally, since the Court remands the action to Philadelphia County Court of Common Pleas, the Court will not address Sun Chemical's Motion to Dismiss. *See Salley v. AMERCO*, No. 13-921, 2013 WL 3557014, at *6 (E.D. Pa. July 15, 2013) (citing *Consol Energy Inc. v. Berkshire Hathaway, Inc.,* 252 F. App'x 481, 484 (3d Cir. 2007) ("[T]he resolution of [the] motion [to dismiss] would not change the end result—remand to the state court.")).

V.    **CONCLUSION**

For the foregoing reasons, the Court grants Suglia's Motion to Remand in part. The Court

remands the action to the Philadelphia County Court of Common Pleas. The Court denies

Suglia's request for attorneys' fees.

An appropriate Order follows.

BY THE COURT

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge